NATKIN & COMPANY et al., Employer,

and

Globe Indemnity Company, Insurer-Appellants,

v.

Kenneth H. MOORE, Claimant-Respondent.

No. 24966.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1968.

Harold J. Maddox, Adler, Morrison & Rixner, Kansas City, for appellants.

W. H. Seaton, Kansas City, for respondent.

SPERRY, Commissioner.

This is a workmen's compensation case. Natkin and Company was the employer, and Kenneth H. Moore was, and had been for four and one half years, its employee. Globe Indemnity Company was the insurer. Employee claims to have suffered an injury arising out of and in the course of his employment while he and another employee were moving sheet lead on a two handed hand-dolly. There was evidence that the co-employee stumbled, thereby throwing the entire weight onto the handle being carried by claimant, who was lifted into the air and fell to the floor on his left knee.

A hearing was had before a referee. The referee found that claimant sustained an accident arising out of and in the course of his employment with Natkin

and Company, on or about January 8, 1965, in Kansas City, Missouri, which resulted in a permanent partial disability of 10% of the body as a whole, referable to his back. He was awarded compensation in the total amount of $1700.00. The final award was entered July 19, 1967, more than two years after the occurrence. It was unanimously affirmed by the full commission. Upon appeal to the circuit court the final award was affirmed and this appeal followed.

Appellants complain that there was not sufficient competent evidence in the record to support the award because: (a) it is contrary to the undisputed facts and (b) it is contrary to the overwhelming weight of the evidence. They admit that claimant sustained an accident January 8, 1965, but deny that he suffered compensable injuries as a result thereof. They contend that the evidence establishes that Moore suffered his injuries while in the employ of another than Natkin.

The issue here is simple: Could the commission have reasonably found from the evidence that claimant suffered the injuries he claims, as a result of the accident, which he admittedly suffered on January 8, 1965? If the answer is yes, the judgment should be affirmed.

Appellants admit the accident, as stated, but they contend that claimant suffered many accidents thereafter, over a period of several months, whereby his back was "dislocated", and which injuries, they contend were suffered after claimant's employment with Natkin ceased. Claimant admitted that he had suffered a minor back injury in 1956 or 1957. Appellants also say that there is no evidence tending to prove that such prior injury was not the real cause of his disability.

■ As to the prior injury, occurring eight years prior to 1965, claimant stated that he received some medical treatment therefor but that he had never suffered therefrom since that time, and that he worked as a plumber, doing strenuous and heavy labor continuously thereafter until January 8, 1965. We do not consider that incident to have any bearing on employer's contention that claimant's disabilities, if any, derived from that accident. Claimant testified to the effect that, immediately after the accident occurred, he felt pain in his low back and so informed Mr. Brown, his co-worker and that, later in the day, he notified his foreman. The accident occurred on Friday. He stated that liniment was applied that night and that he slept on a heat pad; that his back remained sore; that, on the following Monday or Tuesday, while working in a stooped position, he again felt sharp pain in his back; that his foreman arranged for him to see a chiropractor, Dr. Sheets; that after several treatments, on Dr. Sheets' recommendation claimant took off from work for a week; that he was also advised to buy and wear a corset, which he did and uses it while doing work; that, when the hearing was held, he was sleeping on a board; that, after his return to work on January 25, he was so "stove up" that he could not perform his duties; that, after working another ten days, he was laid off; that he saw Sheets nineteen times between the date of injury and the latter part of February, 1965; that his back trouble has never left him; that "it is sore all of the time". His testimony was to the effect that he had received chiropractic treatments from time to time from Sheets and from Dr. Powell, until shortly prior to the hearing before the referee December 20–21, 1966.

Appellants say that the evidence is to the effect that claimant re-injured his back after the January 8, 1965, incident, on April 27, June 25, August 23, October 2, October 18, December 7, December 10, all in 1965, and on February 10, 1966; that claimant admitted "dislocating" his back on all such occasions. From the full record bearing on this contention it appears that claimant was ignorant of the true meaning and effect of a dislocated back. The two medical doctors who testified in the case, Feierabend, for claimant, and Santoro for appellants, stated that if claimant had dislocated his back he would have been paralyzed,

could not have walked into a doctor's office. Claimant said that the words "broken back", to him, "means for it to slip or something like that. It is not in place like it should be. That is when I get sore. I just get so stiff and sore that I can't hardly go. That is all". He denied having had any accident or having re-injured his back since January 8, 1965. The referee indicated, by remarks, that he understood claimant to mean that, by reason of ordinary work exertion, his back became more sore at times than at others.

Dr. Feierabend gave it as his medical opinion that the accident of January 8, 1965, gave rise to a back injury resulting in a 15% disability to the body as a whole, and that the incidents referred to by claimant as dislocating his back were, in fact, extreme soreness caused by strenuous work and due to the original injuries incurred January 8, 1965. There was no evidence tending to prove the occurrence of any accident or separate injury except that occurring on the above date.

 There was substantial evidence tending to support the findings of the commission whose prerogative it was to determine the reasonableness of claimant's explanation as to his meaning when he stated that he had dislocated or broken his back on a number of different occasions after the occurrence of the accident January 8, 1965. Wamhoff v. Wagner Electric Corp., 354 Mo. 711, 190 S.W.2d 915, 918, 161 A.L.R. 1454 (Supreme Court en banc). We do not pass upon the weight of the evidence. The award is supported by substantial medical evidence as well as by the uncontradicted testimony of the claimant.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM:

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.